JOSHUA STAFFORD, APPELLANT, VS. GEORGE W. ANDERS, APPELLEE.

1. When a party pays the costs and files his appeal bond, but takes no further steps towards prosecuting his appeal, and thereby causes considerable delay to the plaintiff in the collection of his judgment, it is a case where damages may be given as for a frivolous appeal.

2. While the Supreme Court should be always open to receive and entertain causes diligently prosecuted before it for the purpose of justice, it should be very careful not to permit itself, even unintentionally, by a party, to be made the instrument of useless delay.

Appeal from Hillsborough Circuit Court.

Motion to docket the case and dismiss the appeal.

*James T. Magbee* for Appellant.

*Gettis & Mitchell* for Appellee.

WALKER, J., delivered the opinion of the Court.

The counsel for appellee moved to docket and dismiss this cause, and filed a certificate of the clerk of the Circuit Court for Hillsborough county that an appeal had been taken, and also moved for damages as for a frivolous appeal. It appears from the certificate that the appellee recovered a judgment in the Court below on the 7th of April, 1859, for $474.50 and costs; that the appellant then applied for an appeal to the Supreme Court and paid the costs, and filed an appeal bond which was approved by the Judge; that Mr. Magbee, Attorney for appellant, on the 13th day of February, 1860, requested the clerk not to prepare a transcript of the record. It also appears from another certificate of the clerk, that on said 13th of February, 1860, Mr. Magbee ordered the appeal in this cause to be dismissed, and assigned to the clerk as his reason for said order, that when the appeal was taken the Judge of the Circuit Court was in a hurry to go and hold the Court at "Manatee," and said he would sign the bill of exceptions on his return to Tampa, but on his returning to Tampa, hearing of the sickness of his

family, the Judge left for Micanopy, and did not sign the bill of exceptions.

This last certificate is accompanied by an affidavit by Mr. Magbee, stating that he believes that the exceptions taken to the rulings of the Court in this cause were well and legally taken; that the appeal was not taken for delay, but that justice might be done, and that the reason why he ordered the appeal dismissed was, that the bill of exceptions was not signed as set forth in said certificate.

We are far from doubting the truth of the affidavit, but we are of opinion that so soon as counsel for appellant failed to secure the signature of the Judge to the bill of exceptions, he ought to have filed with the clerk a waiver of the supersedeas obtained by his appeal.

From that time the appeal could only operate to delay the execution of the judgment. Under the operations of our stay laws, the appellee may not now be able to collect his judgment before December, 1860, besides being at the unnecessary expense of employing counsel to attend to his case in this Court.

For this delay and expense, we think he is entitled to some compensation.

While the Supreme Court should be always open to receive and entertain causes diligently prosecuted before it for the purposes of justice, it should be very careful not to allow itself, even unintentionally, by a party to be made the instrument of useless delay.

It is, therefore, the judgment of this Court, that this cause be docketed and dismissed, and that the said George W. Anders recover against the said Joshua Stafford his costs, together with five per cent. damages on the amount of the original judgment, amounting to $23.72.