The Northwestern Mutual Life Insurance Company vs. Irish, impleaded.

---

38 361
101 242

THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY VS. IRISH, imp.

APPEAL TO SUPREME COURT. *Discontinuance of appeal. Power and practice of the court as to imposing damages in addition to interest.*

1. It is only where an appeal from a judgment has been taken *in bad faith*, that this court will award damages in addition to the interest on the judgment. 30 Wis., 534.

2. Perhaps intentional and unexplained failure to print case and brief in support of an appeal may be generally taken as *prima facie* evidence of bad faith in taking the appeal. But an abandonment of the ap-

362     SUPREME COURT OF WISCONSIN,

The Northwestern Mutual Life Insurance Company vs. Irish, impleaded.

peal by failure to comply with the rules is *not conclusive* evidence of bad faith.

3. Where it appears that the appeal might have raised grave questions, and that facts have intervened since it was taken, which would render a reversal of the judgment unavailing to the appellant, the abandonment of the appeal is *held* not sufficient ground for imputing bad faith to it.

4. The action being for the foreclosure of a mortgage, and the appellant not being the mortgagor or judgment debtor, *quære* whether this court has the *power* to award against him the additional damages provided for by statute. (R. S., ch. 139, sec. 29; Laws of 1860, ch. 264, secs. 26 and 37.)

APPEAL from the Circuit Court for *Dane* County.

The plaintiff moved the court for an affirmance of the judgment of the circuit court in this cause, with damages and costs.

*Smith & Lamb*, for the motion.

*P. L. Spooner* and *S. U. Pinney*, for the appellant.

RYAN, C. J.   The appellant, having avowedly abandoned his appeal, and for that reason failed to comply with the rules, concedes that we must give judgment of affirmance.

The respondent thereupon insists that, because the appeal has operated, during its pendency, to reduce the accruing interest on the mortgage debt from ten to seven per cent., by delaying sale of the mortgaged premises, we should award damages at the rate of ten per centum per annum against the appellant.

. Similar consequences as those complained of in this case may frequently arise from appeals taken in good faith.   But it is only when it appears that the appeal has been taken in bad faith, that the court will exercise its discretion by awarding damages in addition to the interest on the judgment.   *Morse v. Buffalo Ins. Co.*, 30 Wis., 534.

Perhaps intentional and unexplained failure to print case and brief in support of an appeal might be generally taken as *prima facie* evidence of bad faith in taking the appeal.   But it may well happen, in many cases, for many reasons, that appeals

taken in good faith should be abandoned in equally good faith. So that failure to comply with the rules is not conclusive evidence of bad faith.

In the present case there appears to us to be a strong presumption that the appeal was taken in good faith. We have heard enough of the cause to perceive that the appeal might have raised grave questions. *Northwestern M. L. Ins. Co. v. Park Hotel Co.*, 37 Wis., 125. And the explanation given by the appellant's counsel from the record of the reason for abandoning the appeal is reasonable and consistent with entire good faith in taking it. It seems that intervening facts had made a reversal of the judgment unavailing to the appellant. Certainly the respondent fails to show any sufficient ground for imputing bad faith to the appeal.

We should therefore not feel justified in awarding damages against the appellant, were we sure of our power to do so. But there is room to doubt the power. The appellant is not the mortgagor, not the judgment debtor. And sec. 29, ch. 139, R. S., applicable to writs of error, extended to appeals by sec. 37, ch. 264 of 1860, seems to provide for damages against a judgment debtor only, by authorizing judgment here for a higher rate of interest on the judgment below than it would carry by operation of law. And this power does not seem to be enlarged in cases of foreclosure, by sec. 26 of the latter statute.

*By the Court.* — The judgment of the court below is affirmed.