WOOTSON L. GUNNELS, plaintiff in error, vs. ISAAC B. DEAVOURS, defendant in error.

1. Where the effect of the judgment of this court is, that no legal suits had ever been commenced, or legal judgments rendered, on the notes in controversy, such prior proceedings cannot be pleaded as former recovery, or pendency of former suit, to subsequent actions on such notes, even though commenced before the *remittitur* from this court was made the judgment of the court below.

2. An appeal must not only be frivolous, but intended for delay only, to authorize a judgment for twenty per cent. damages against the appellant.

Judgments. Pleadings. Actions. Appeal. Before Judge CLARK. Webster Superior Court. March Term, 1876.

Reported in the decision.

JOHN R. WORRILL; J. A. ANSLEY, for plaintiff in error.

W. A. HAWKINS, for defendant.

WARNER, Chief Justice.

It appears from the record and bill of exceptions, that Deavours sued Gunnells in a justice's court on three promissory notes, two for $100 00 each, and the other for $55 31, and that an appeal was taken from the decision of the justice to the superior court. On the trial of the appeal, the defendant pleaded a former recovery and the pendency of a former suit for the same cause of action. It appears that some former pretended suits had been instituted on these same notes in a justice's court, and carried by an appeal to the superior court, where a pretended judgment was rendered thereon, which was brought up to this court by writ of error,

when it was held that the judgments were void: See *Gunnells vs. Deavours,* 54 *Georgia Reports,* 496. The present suits were commenced on the notes before the *remittitur* from this court was made the judgment of the court below declaring the pretended suits and judgments therein void, and 'it was those pretended suits and judgments which the defendant pleaded to defeat the plaintiff's recovery in the present suit. The court charged the jury that, notwithstanding the plaintiff admitted the facts as set forth in the defendant's plea, the same would not avail him as a defense, to which charge the defendant excepted.

1. There was no error in the charge of the court in relation to this point in the case. The legal effect of the judgment of this court, declaring the judgments and the proceedings on which the same were founded void, was to declare that no legal suits had ever been pending on the notes, or any legal judgments rendered therein which could be pleaded as a legal defense to the plaintiff's action.

2. The jury, under the charge of the court to inquire whether the defendant's appeals were frivolous, found the following verdict: " We, the jury, find for the plaintiff the sum of $255 31, with interest and cost of suit, and we further find the appeals frivolous." On this verdict judgment was entered for the sum of $51 06 for a frivolous appeal, to which the defendant excepted. The charge of the court, in relation to this point in the case, was error, as well as the judgment on the verdict for $51 06, for a frivolous appeal. According to the provisions of the 3631st section of the Code, the appeal must not only be frivolous, but *intended for delay only,* to authorize a judgment for twenty per cent. damages against an appellant from a justice's court. The judgment of the court below will therefore be reversed, unless the plaintiff shall consent to write off from the judgment the sum of $51 06, and in the event he shall do so, then the judgment of the court below to stand affirmed.

Let the judgment be entered in conformity with this opinion.