MARY P. DZIALYNSKI, ET AL., APPELLANTS, VS. THE BANK OF JACKSONVILLE, APPELLEES.

1. A wife may, with her husband, make a valid mortgage of land, of which she is seised in fee, to secure the promissory note of her husband.

2. The note was signed by both husband and wife and purported to bind them jointly and severally. The mortgage is held to be valid, though it is not made to appear that the note was given for

the purchase price of the land, nor for money applied to or used for the improvement of the land or any of the separate property of the wife, nor that the husband had any interest in the land. Hodges et al. vs. Price, 18 Fla., 342, distinguished.

3. A demurrer to a bill in chancery may be good as to one defendant and bad as to others ; and may be sustained as to the former and overruled as to the latter parties.

4. A joint and several demurrer by husband and wife, to a bill in chancery for a foreclosure of a mortgage, on the ground that it seeks a personal decree against the latter for any balance of indebtedness which may remain due after the sale of the mortgaged premises, should be overruled as to the former and sustained as to the latter.

5. An error in an interlocutory order does not require the reversal of a subsequent decree into which such error has not been carried, but such order may be reversed as to any future proceedings in the cause against the party as to whom it is erroneous.

6. Damages on account of a frivolous appeal will not be allowed unless it clearly appears that the appeal was taken merely for delay. The questions presented by the record held not to justify damages.

Appeal from the Circuit Court for Polk county.

The facts of the case are stated in the opinion.

*Wall & Turman* and *S. M. & G. B. Sparkman* for Appellants.

*A. W. Cockrell & Son* for Appellees.

MR. JUSTICE RANEY delivered the opinion of the court :

I. Appellees filed their bill in the Circuit Court of Polk county to foreclose a mortgage on certain real property therein. The bill alleges that the said Mary was seized in fee of the lands described in said mortgage, and that the note which said mortgage was given to secure was executed jointly and *severally* by the said Mary and Philip Dzialynski. The note and mortgage, which are made exhibits

to the bill, were given by the appellants to M. A. Dzialynski, and by him assigned to appellees.

. The defendants' answer admits that they were in possession of the property, and that Mary Dzialynski was seized in fee simple thereof as her separate property. They further set up in their answer that the promissory note mentioned in said bill of complaint, and on which said mortgage is predicated, was not given for the purchase money of the mortgaged premises, the same being the separate property of Mary P. Dzialynski ; nor was it given for money which was applied by or used for the improvement of the mortgaged premises, or any of the separate property of Mary Dzialynski ; and that it did not appear that said Philip Dzialynski had any interest in the mortgaged property other than as the husband of the said Mary ; and they contend that the decree is consequently erroneous.

Counsel for appellants in support of this position refers us to the case of Hodges, *et al.*, vs. Price, 18 Fla., 342. In that case, Mary Hodges, the wife of John Hodges, gave her individual promissory note to Price, and she and her husband executed the mortgage to secure the same. As we understand that case it decides that the promissory note of the wife, not joined in by the husband, considered without the aid of any allegations to show that it was given for a debt for which the law authorized her to charge her separate property, was a nullity. We do not think it intended to go to the extent of deciding that the wife, if the husband joined with her in the note and in the mortgage, could not bind her separate legal estate regardless of the fact as to whether the money was received and intended by her for the benefit of her separate estate or not, or as to whether it was the debt of the husband and she mortgaged her property for the purpose of securing it. The allegation of a several promissory note of the husband is an allega-

tion of an indebtedness, and of such an indebtedness as she could mortgage property of which she is " *seised in fee* " to secure the payment of. The language of our statute is that a married woman owning real estate of inheritance in this State may sell, convey, transfer or mortgage the same, *in the same manner as she might do if she were sole and unmarried.* The statute puts only two restrictions upon this right: 1st, That her husband shall join in such mortgage or conveyance, and 2d, That it shall be acknowledged and authenticated in a particular manner described. McClellan's Digest, 755, sec. 9. There is no condition as to the nature of the debt for which she can mortgage her property, and we see no reason why, when the husband joins in the mortgage and it is properly acknowledged and authenticated, the wife cannot make a valid mortgage for the securing of any kind of a debt that a person *sin juris* could.

The difficulty in the way of a recovery in the case of Hodges, *et al.*, vs. Price, was that the court regarded the note, which was signed alone by Mary Hodges, as a piece of blank paper.

We think this case attempted to settle nothing more than the effect of a note given solely by the wife as evidence of an indebtedness.

In the answers of the defendants several matters of defence are set forth which are not responsive to the bill, and to establish which no evidence was offered by them. We cannot, therefore, in accordance with a well established rule consider them as before us for adjudication.

An inspection of the record shows that the note and mortgage were signed by the wife and husband and that the execution of the mortgage was in conformity to the requirements of the statute.

II. One of the grounds of demurrer specially set up in the answer (Thomp. Dig., sec. 9, p. 458,) is that part of the

relief sought by the bill is a personal judgment against Mrs. Dzialynski. There is in the bill a prayer that in the event the proceeds of the sale of the land be not sufficient to pay the costs and expenses and liens, that the defendants be decreed to pay the deficiency.

There cannot be, as has been frequently decided by this court, a personal decree against a married woman. This interlocutory order of August 28, 1886, made by the Judge of the 7th Circuit, adjudged that the complainants were entitled to the relief prayed for in their bill, overruled so much of the answer as partakes of a demurrer and referred the case to a master to compute the amount due complainant and to take testimony as to a reasonable allowance for attorney's fees as provided for in the mortgage. This order, in so far as it overruled the demurrer as to Mrs. Dzialynski, though not so as to Mr. Dzialynski, is erroneous. A demurrer may be good as to one of the *defendants* demurring, and bad as to others, though it cannot be good in part and bad in part. Bartow vs. Smith, Walker's Chancery, 394; 1st Daniel C. P. & P., m. p. 584, note 7; Mayor, &c., vs. Levy, 8 Vesey, Jr., 398. For the rule where it is good as to one *plaintiff* and bad as to another, see 1st Danl., 584, note 1. The decree of sale, or, as it is termed, final decree in the cause, adjudges that there is due from respondents to complainants on account of the mortgage debt and the interest accruing thereon, $11,869.44, and the further sum of $850 as a solicitor's fee under the provisions of the mortgage; and it declares a lien " in favor of the complainants against the respondents upon the premises embraced in the said mortgage to secure the payment of said several sums herein adjudged to be due from respondents to complainants," and directs a sale to "enforce the lien hereby declared" and a report of his doings thereunder. This final decree is not a personal one against either Mr. or Mrs. Dzialynski, but

only one declaring a lien for the amounts due and directing a sale. Mattair vs. Card, 18 Fla., 761. As the error of the interlocutory order has not been carried into this final decree, it is not proper to reverse the latter. Caro vs. Pensacola City Co., 19 Fla., 766, 777. In case there should be an insufficiency of proceeds to pay the sums adjudged, with interests and costs, and the complainants should apply for a personal decree against Mrs. Dzialynski, the action of the Chancellor, as to her, will be in accordance with the views indicated above. The order on the demurrer is, consequently, sustained only in so far as her husband is concerned, and is reversed in so far as any future proceedings against her. Ibid, 777.

III. The appellees insist that this appeal has been taken for delay, and ask for an allowance of damages. The statute provides that whenever it shall appear to this court that an appeal has been taken *merely for delay*, it may assess damages, not exceeding ten per cent., for such *frivolous* appeal. McClellan's Dig., §14, p. 842. The court must be satisfied that the purpose in taking the appeal was mere delay. Gunnels vs. Deavours, 57 Ga., 177; Northwestern Mutual Life Insurance Co. vs. Irish, 38 Wis., 361. The questions presented by the record and briefs are not of that frivolous character which force such a conclusion upon us. An award of damages under the statute should not be made unless it appears clearly that mere delay was the purpose of the appellants. Morse vs. Buffalo, &c., Company, 30 Wis., 534.

As a result of the foregoing views the decree of foreclosure and sale is affirmed.