| 25 | 473 |
| 32 | 492 |
| 25 | 473 |
| 35 | 168 |
| 35 | 542 |
| 25 | 473 |
| 40 | 392 |

JOHN C. WILLIAMS, APPELLANT, vs. F. J. LaPENOTIERE, APPELLEE.

1. It is not necessary that the notice required by Supreme Court Rule 17 of a motion to dismiss an appeal on account of not filing a transcript of the record in this court, should be served by its Sheriff, or by any officer. Rule 20 regulates the service of all notices required by the rules or orders of the court. Service of such a notice made by a Sheriff, other than the Sheriff of this court, through a deputy, as in the case at bar, is sufficient.

2. Where a party admits by the terms of his motion to set aside the service of a notice, that service of such notice has in fact been made on him, no proof of the service need be made by the party giving the notice.

3. What "process" of the Supreme Court can be served only by its Sheriff, in person or by his deputy, considered.

4. If good cause for failing to file a transcript of the record or proceedings, in the Supreme Court within the time required by law, is not shown by the appellant, the appeal will be dismissed and damages allowed the appellee as for an appeal taken merely for delay.

5. An appeal was entered in January returnable to the first day of the succeeding June Term of the Supreme Court. An attorney for the appellant applied at the office of the Clerk of the Circuit Court four days prior to the first day of such term for the papers in the case, and the deputy clerk then in charge of the office said he did not know where they were, and deposes that he did not know ; and then the attorney searched for the papers among the files where they should have been, but did not find them ; his purpose, as he states, being to make up a transcript for the Supreme Court, which transcript, he says, he could have finished in time. There is a certificate of the Clerk of the Circuit Court that to his knowledge the papers were in the office from April 11th to June 15th, excepting a few days absence in Tallahassee, where they were sent by an order of the court : *Held,* That whether this certificate be considered or ignored, no " good cause " has been shown for the omission to file the transcript in the Supreme Court on the first day of its June Term.

Appeal from the Circuit Court for Hillsborough county.

The facts of the case are stated in the opinion of the court.

. *C. W. Stevens* for the motion to dismiss the appeal.

Where a party enters an appeal to the Supreme Court and files his bond, and does not file a copy of the record on the first day of the succeeding term, on motion his appeal may be docketed, dismissed and damages awarded to appellee. Joshua Stafford vs. Geo. W. Anders, 10th Fla., 211.

Under the rules the notice handed to appellant's counsel or sent by mail is sufficient and need not be served by Sheriff of Supreme Court.

*Philips & Carter, contra.*

RANEY, C. J.: The appellee moves to docket the appeal entered in this cause last January, and to dismiss the same on account of the failure of the appellant to file a transcript of the record of the proceedings in this court on the first day of the present term, (S. C. Rule 17; McC.'s Dig., p. 841, section 10,) and for damages on account of such omission to file it.

Rule 17 of this court requires notice to be given of a motion of this kind when it is made at the term to which the appeal is returnable. Appellant objects to the notice given because it was served by the Sheriff of Hillsborough county, through a deputy, and contends that the service should have been made by the Sheriff of Leon county, who is the Sheriff of the Supreme Court. It is true the Sheriff of Leon county is, under the act of 1868, (section 19, p. 345, McC.'s Dig.,) the Sheriff of this court, as the court is held only in that county, and further true that the statute referred to provides that such Sheriff shall in person or by deputy serve all " process required to be served," Knight vs. Weiskopf, 21 Fla., 15; but we understand this requirement to extend only to process of the court issued by its clerk, or by the Clerk of the Circuit Court, when acting for this court, or by other authority of this court. Guaranty Trust and Safe Deposit Company vs. Buddington, 23 Fla., 514; Knight vs. Weiskopf, *supra*. That it does not extend to notices of motion of this kind is made clear by Supreme Court Rule numbered 20, which authorizes the service of all papers and notices required by the rules or an order of the court to be made by delivering to the party or his attorney, or by deposit in the post office, directed to the party or his attorney securely sealed and post paid. The motion of the appellant to quash the service of notice of appellee's motion admits that the no tice was actually served. It being thus admitted that it was served as indicated above, it is unnecessary to inquire

whether the return of the Sheriff of Hillsborough would, without such admission, be sufficient evidence of the service.

The cause shown by appellant why the transcript was not filed on the first day of this term, June 11th, is as follows: An affidavit of W. A. Carter states that on the 7th day of this month, June, he applied to G. B. Wells, a deputy of the clerk of Hillsborough county Circuit Court, at the clerk's office, for the papers in the case, and Wells said he did not know where they were, and then Carter searched among the files for them, where they should have been, but failed to find them. That his purpose in looking up said papers was to make up a transcript of the record in the case for the Supreme Court, and if he had got the papers on that day he could have finished the transcript in time to have filed the same in the Supreme Court on the first day of its present term. Wells deposes that he is one of the deputy clerks, and that Carter applied to him for the papers, but he did not know where they were; that at the time he was in charge of the clerk's office, and no one else was in the office at the time.

There is before us a certificate of the clerk of the Circuit Court to the effect that to his knowledge the papers have been in the office from April 11th, 1889, to the 15th day of the present month, with the exception of a few days' absence at Tallahassee, where they were sent by an order of the court.

Whether we regard or ignore this certificate our opinion is that no "good cause" has been shown by appellant for the failure to file the transcript. We will assume that Mr. Carter was, in his mission to the clerk's office, acting as attorney for appellant, though his capacity is not defined, still it does not appear that he applied to the deputy clerk for a transcript of the record, or made known to him that he de-

sired one, nor is it shown that any application was even made or attempted to be made to the clerk or his deputy before the commencement of the present term of this court for a transcript. In the absence of an application of this kind we think the showing is one without merit.

It has been the practice of this court to allow damages in such cases. Richards vs. Nall, 8 Fla., 369; Stafford vs. Anders, 10 Fla., 211. The allowance is upon the basis of sections 4 and 13 of the act of February 10th, 1832, sections 10 and 14, pp. 841 and 842, McC's Digest, the latter of which provides, that whenever it shall appear that an appeal has been taken merely for delay, this court may assess damages not exceeding ten *per cent.* for such frivolous appeal. The notice to dismiss in this case was served on the appellant on the 12th day of this month, the day after the term to which the appeal was returnable had begun, and in so far as we are informed, no transcript had yet been applied for, although the day upon which it should have been filed here had passed. Such conduct upon the part of appellant necessarily puts the appellee to action in this court to get rid of the appeal and subjects them to delay and expense. In the absence of a reasonable showing of good cause for delay, something indicating that the delay has not been intentional, or through the appellant's laches, the natural conclusion is that the appeal has been merely for delay, and damages should be allowed. Thirty dollars will be allowed; this is less than five *per cent.* on the amount of the appellee's recovery. The proper order dismissing the appeal at the appellant's cost, and allowing the damages to the appellee as indicated, will be entered.

II. The appellant has moved to file the transcript on his appeal, and has presented a copy of the record certified to on the 15th instant.

For reasons indicated above, this motion is denied at the appellant's cost, and will be so ordered.