H. J. LONG ET UX., APPELLANTS, VS. M. EMMA HER-
RICK, APPELLEE.

| 28 | 755 |
| 40 | 392 |

Where the appellant fails to file in the Supreme Court, within the
time required by law, a transcript of the proceedings of the
lower court subsequent to a decree of the former court in the
cause, there being a stipulation that the transcript on the
former appeal shall be used for all purposes necessary to the
second, and good cause for the laches is not shown, the appeal
will be dismissed on motion of the appellee, and damages be
allowed as for an appeal taken merely for delay.

Motion to dismiss granted and damages allowed.

Appeal from the Circuit Court for Volusia county.

Motion to dismiss appeal.

The facts in the case are stated in the opinion of the court.

*A. M. Thrasher* and *Fred. T. Myers* for motion.

*John W. Price, contra.*

RANEY, C. J.:

The decree was rendered October 3d, 1890, and the appeal therefrom to the January Term, 1891, was entered on the 18th day of the same month, the supersedeas bond being approved and filed on the same day, but the citation was not served till the 29th day of De-

cember., No appeal transcript was filed at the January Term. On May 8th, 1891, the solicitors of appellants and appellee entered into an agreement in writing that certain copies of the papers and proceedings in the cause subsequent to the decree of this court when the case was formerly here on appeal (26 Fla., 356, 8 South. Rep., 50,) should be re-established as the record in the cause, and certified as such. On the same day they also agreed in writing that the transcript filed on the former should be used for all purposes necessary to the present appeal, stating that this agreement was made on account of the loss of the original record. On the 12th day of August, at the present term the appellee moved to dismiss the appeal, and for damages as for a frivolous appeal, because no transcript of the record of the proceedings had been filed as required by law and the practice of the court, and because no petition of appeal had been filed, and also that the appeal is frivolous and taken for delay. Upon the presentation of the motion about the time of its entry we concluded to adjourn the consideration of it to a future day, and required notice to be given to the appellants. Notice was given that the application would be renewed on the 15th day of the present month, October. Counsel for appellants has filed a statement, which he seems to have intended to swear to but did not, in which he asserts that shortly after taking the appeal he called on the Clerk to make a copy of the proceedings, and was told by him that counsel for appellee had the papers, and also called subsequently several times for the

same purpose and received the same answer, and that some weeks thereafter the Deputy Clerk told him that counsel for the appellee disclaimed having the papers. He then stated that some weeks thereafter counsel for appellee consented to the re-establishment of the papers, as indicated above, and that the Clerk was requested to certify the same to this court. That soon after the appellants called to pay the costs of such copies and have them sent up, and was then informed "that counsel for appellee had obtained them and paid the bill for copying," and as we understand his meaning, that they were sent to this court. There are also statements as to the docket fee and the petition of appeal, accompanying the above statement, which need not be noticed.

It is true that counsel for appellee has during the present term filed a transcript of the proceedings taken in the cause subsequent to its disposition on the former appeal, but he did not do so in behalf of the appellants, nor to have the cause heard as if appellants had done so, (Supreme Court Rule 17,) but as is apparent from his conduct, to use it as a basis for this motion. U. S. vs. Fremont, 18 How., 30. It was the duty of appellants after the agreement of May 8th to procure and have filed promptly, as they might have done, during that term of this court, a transcript of the re-established proceedings, but they and their counsel failed to do so even during the present term, and not only up to the time of the entry of the motion to dismiss, but, we may remark, also up to the present

time. The agreements of May were made for benefit of appellants, and the one stipulating that the transcript of the former appeal might be used should not operate to the disadvantage of the appellee, nor is it to be imagined that she would have made it except upon the implied understanding that the transcript of the subsequent proceedings would be promptly filed here. Her purpose was to facilitate the perfection of the appeal in order that the cause might be disposed of, but the appellants' conduct shows a marked indifference to this consummation. In view of their laches as to filing the transcript of the subsequent proceedings, they are entitled to no more consideration than if the agreement as to the old transcript had not been made. No "good cause" for the laches is shown. We not only think that the appeal should be dismissed, but also, following the practice in Richards vs. Nall, 8 Fla., 369; Stafford vs. Anders, 10 Fla., 211; Williams vs. LaPenotiere, 25 Fla., 473, 7 South. Rep., 869, that damages should be allowed the appellee because the appeal has been taken merely for delay. The agreement as to the original transcript constitutes, in view of the appellants' conduct, no exception to the rule established by these cases. The amount of money whose payment has been arrested by this appeal and supersedeas was at the time at least four hundred and fifty dollars. The sum of thirty dollars will be allowed the appellee as damages, to be collected in the same manner as the amounts decreed the appellee in the lower court.

It will be ordered accordingly.