## W. M. REDMOND, APPELLANT, vs. W. M. DONALDSON & CO., APPELLEES.

1. If any advantage can be taken of the failure of the clerk to transcribe into the memorandum book the præcipe before issuing the original summons *ad respondendum*, it must be done in the Circuit Court, and can not be raised primarily in the appellate court. *So decided in Jacksonville & Atlantic R. R. Co. vs. Woodworth, 26 Fla. 368, 8 South. Rep. 177, before the appeal was taken in this case.*

2. Where an appeal is frivolous, and, in the opinion of the court, was sued out merely for delay, damages for taking such appeal will be allowed by the appellate court. The present case comes within the rule, and ten *per cent.* damages are allowed as for a frivolous appeal.

Appeal from the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

*Walker & L'Engle*, for Appellant.

*R. H. Liggett*, for Appellees.

MABRY, C. J.:

The appellees, W. M. Donaldson and W. H. Donaldson, partners doing business in the firm name of W. M. Donaldson & Co., sued the appellant, W. M. Redmond, in an action of assumpsit and obtained judgment. The record shows that a præcipe for a summons *ad respondendum* was filed, the issuance and service of the summons, the filing of a plea by the defendant, a trial and judgment in favor of plaintiffs, and the entry of an appeal from the judgment by the defendant. The præcipe and summons are in due form, and no question was raised in reference to either of them in the trial court. The only assignment of error on the record in this court, is, that the clerk issued the summons *ad respondendum* without previously recording the præcipe. It has been directly held by this court, and properly so, that if a defendant can take any advantage of the failure of the clerk to transcribe into the memorandum book the præcipe for issuing the original summons, it must be done in the Circuit Court, and at least before a general appearance. Such an objection can not be raised primarily in the appellate court. Jacksonville & Atlantic R. R. Co. vs. Woodworth, 26 Fla. 368, 8 South. 177. We are forced to the conclusion that this is a frivolous appeal, sued out merely for delay; and in accordance with the practice of this court (Williams vs. La Penotiere, 25 Fla. 473, 6 South. 167) we allow ten *per cent.* damages for taking such appeal.

The judgment appealed from will be affirmed, with the allowance of tent *per cent.* damages as for a frivolous appeal. Judgment to be entered accordingly.