In the Matter of: The Estate of William H. Benedict, an insane person, deceased.

158 So. 276.
Opinion Filed November 14, 1934.
Petition for Rehearing Denied January 8, 1935.

*Kay, Adams, Ragland & Kurz,* for Appellant;
*John W. Dodge,* for Appellee.

On Motion to Assess Damages for Frivolous Appeal

Per Curiam.—This motion was filed under Section 4639, C. G. L., 2920 R. G. S., and 4965 C. G. L., 3173 R. G. S.,

which sections vest in the Supreme Court power to quash proceedings in error and to dismiss appeals as frivolous where they are taken against good faith and merely for delay, and to decree damages thereon against the appellant in a sum not exceeding ten per cent. where the circumstances warrant it.

The cause below was a suit for an accounting by two of the heirs at law of William H. Benedict, deceased. In that suit a final decree was rendered in effect approving the guardian's accounts. An $8,000.00 attorney's fee was allowed the guardian's counsel in and by such decree. The final decree was dated January 2, 1934. On May 31, 1934, an appeal from that decree was taken to this Court but the appeal was subsequently abandoned by the appellants who have duly moved for its dismissal under the rules. As a result of the taking and abandonment of said appeal, appellee has moved for a decree of damages against the appellant in the sum of seventy-five hundred dollars or such other reasonable sum as will compensate appellee for the additional expense which the entry of the fruitless and abandoned appeal has occasioned him.

The real question at issue is whether the appeal in controversy was taken in bad faith for the purpose of delay or was embarked upon as a frivolous venture to the damage of the appellee. The fact that after the appeal was duly entered and recorded that appellant elected to abandon it and has moved for its dismissal without having filed in this Court any of the papers required to perfect such appeal is a circumstance that may tend to show that the appeal was not taken in good faith and is frivolous, but is not conclusive of that issue.

Section 4639 C. G. L., 2920 R. G. S., provides that where appeals are taken against good faith or merely for delay, the appellate court may decree damages against the appeal-

ing party not exceeding ten per cent. The ten per cent. mentioned in the statute obviously has reference to the amount in controversy in the litigation as determinable from evidence submitted to the appellate court, or deducible from the record filed before it. The statute has been applied heretofore only in cases involving money judgments, but we perceive no reason why it may not be applied with equal force to any frivolous and vexatious appeal or writ of error prosecuted to this court against good faith or merely for delay. See Richards v. Nall, 8 Fla. 369 (1859); Broughton v. Crosby, 9 Fla. 254 (1860); Stafford v. Anders, 10 Fla. 211 (1860); Williams v. La Penotiere, 25 Fla. 473, 6 Sou. Rep. 167 (1889); Redmond v. Donaldson, 35 Fla. 167, 17 Sou. Rep. 70 (1895); Dzialynski v. Bank of Jacksonville, 23 Fla. 346, 2 Sou. Rep. 696.

It is not to be gainsaid that in many cases the delay and vexation of frivolous appeals and writs of error directly results in the infliction of special damage on a defendant in error or an appellee by reason of extra compensation to counsel and other additional expenses that may be cast upon the appellee in preparing papers to secure the dismissal of an appeal or writ of error because of its frivolous character and where such condition is clearly made to appear, either in law or equity cases, the Supreme Court has power to award, and will in proper cases assess, damages against offending appellants where appellees establish that in effecting the dismissal of an appeal or writ of error as frivolous they have necessarily sustained special damages for which compensation should be awarded as a recompense.

A review of the facts and circumstances of the present case, however, does not disclose a state of facts showing bad faith on appellant's part in taking the present appeal which they themselves with reasonable diligence moved to have dismissed before appellee was forced to take any steps

in the appellate court to defend against the appeal by preparing proceedings to have it dismissed on the ground that it was against good faith and taken merely for delay, so the motion for an assessment of damages against appellants in this case is denied.

Motion to dismiss damages for frivolous appeal denied.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.