DREW, Chief Justice
(concurring specially) .
I concur in the foregoing opinion and judgment but I think it would have been more appropriate to have quashed the appeal under the provisions of Section 59.33, Florida-Statutes 1951, F.S.A., and to have assessed damages under that Section against the appellant.
A careful examination of the record in this cause as well as the reading of the foregoing opinion by Justice Terrell leaves no doubt that the appeal is wholly without *816 merit and falls squarely in the category of appeals condemned by the foregoing Section of the Statute. It is worthy to note that this Statute has been a part of the Statute laws for more than one hundred years. No substantial changes have been made in it since it was originally enacted by the Legislative Council of the Territory of Florida, Section 13 of Act 59 of February 10, 1832.
In 1945 the Legislature reenacted this Section changing the words “courts of error” to “appellate courts” ánd “proceedings in error” to “appeals.” See Section 33, Chapter 22854, Laws of Florida, Acts of 1945. Moreover, this identical section, as amended in 1945, has been brought forward in each reenactment at each regular session of the Legislature since then.
The act was designed not only to compensate the innocent appellee for “delay and expense”, Williams v. La Penotiere, 25 Fla. 473, 6 So. 167,. 169, but also to prevent the deluging of the appellate courts with frivolous appeals. Every such appeal which this Court must hear and consider necessarily takes time which could be well consumed in cases where important and meritorious questions are present. Delay in the administration of justice, whether the case involved liberty or property, is condemned by our Constitution[1] and that of most of the other sovereign states of the Nation. It is a matter of great concern not only to the litigant and this Court but to the public and I think it is appropriate to recall the provisions of this Statute to the Bench and Bar. In Redmond v. Donaldson, 35 Fla. 167, 17 So. 70, we assessed the 10% penalty for a frivolous appeal so there is precedent for such action in appropriate cases.

. Section 4 of the Declaration of Rights of the Constitution of the State of Florida, F.S.A., reads as follows:
“Section 4.' Courts open to everyone; remedy for wrongs. — All courts in this state shall be open, so that every person for any injury done him in his lands, goods, person or reputation shall have remedy, by due course of law, and right and justice shall be administered without sale, denial or delay.” (Emphasis supplied.)