DREW, E. HARRIS, Associate Judge,
(concurring specially).
For more than one hundred years the statutes of this state have authorized the appellate courts to assess damages against appellant, not exceeding ten per cent, where an appeal has been taken against good faith or merely for delay.[1] Numerous cases of the Supreme Court over a long period of years have upheld this statute.[2]
An examination of the record in this case fails to disclose any merit whatever to this appeal; on the contrary, the record establishes by a cursory examination that it has been prosecuted solely for the purpose of delay and is, therefore, not taken in good faith. In my judgment this case clearly warrants the imposition of the penalty provided by the statute.
The oath of admission contained in the Code of Ethics adopted by the Supreme Court, and which every newly admitted member of the Bar takes, among other things provides “I will never * * * delay any man’s cause for lucre or malice.” [3] As an officer of the courts of this state every member of the Bar is under obligation to see that the processes of the law are not used to defeat the very purpose for which it was created, viz. the administration of justice. In those cases where a cursory examination reveals that an appeal is taken in bad faith or solely for delay and is devoid of merit, the penalty provided for by the statute should be invoked. Those who may be inclined to take advantage of the appellate procedures for securing delays in the dis *776 position of causes should expect the courts to discharge their responsibilities in this respect by invoking the penalty provided by law. I would impose the penalty in this case.

. Section 59.33, Florida Statutes 1957, F.S.A.

. Stafford v. Anders, 1860, 10 Fla. 211; Dzialynski v. Bank of Jacksonville, 1887, 23 Fla. 346, 2 So. 696; Long v. Herrick, 1891, 28 Fla. 755, 10 So. 17; Redmond v. W. M. Donaldson & Co., 1895, 35 Fla. 167, 17 So. 70; In re Benedict’s Estate 1934, 117 Fla. 472, 158 So. 276; Gill v. Smith, 1935, 119 Fla. 293, 161 So. 282.

.Florida Statutes 1957, Vol. 3, page 3219, 3220, 31 F.S.A.