PER CURIAM.
By order dated the 18th day of September, A.D. 1961, 133 So.2d 644, this court, pursuant to a motion by the appellee, quashed appellants’ appeal for the reason that the notice of appeal was filed more than sixty days after the rendition of the decision of the district court sought to be reviewed.
The appellee filed, together with his motion to dismiss, a motion for imposition of penalties. Upon the basis of this motion, and upon consideration of the appeal which appeared on its face to be frivolous, this court issued the following rule to show cause:
“IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA TO CARROLL DUNSCOMBE AND E. O. DEN-ISON, ATTORNEYS FOR AP-PELLEE IN THE ABOVE CAUSE, GREETING:
“You and each of you are hereby required to show cause before this Court, if any you can, at 9:30 o’clock A.M. September 28, 1961, why you and each of you should not respond in damages for taking an appeal in the above cause against good faith or merely for delay pursuant to Section 59.33 Florida Statutes.
“WITNESS the Plonorable B. K. Roberts, Chief Justice of the Supreme Court of Florida, and the Seal of said Court at Tallahassee, the capital, on this the 18th day of September 1961.”
The appellant Dunscombe, who is a member of the Florida Bar, has made no response to the above quoted rule nisi. E. O. Denison, his attorney, filed a response to *226 the rule in which he admitted a “technical transgression” of Section 59.33, F.S.A., but further stated that such violation was the result of inadvertence on his part. He alleges that he affixed his signature to the pleadings in the case as an accommodation to Dunscombe, a fellow attorney, and that he was unaware of the contents thereof. He did not give them even a casual perusal.
This is an aggravated case which impels us to invoke the statutory provision for penalties. The appellant has deferred for 18 years, by one means or another, the foreclosure of a mortgage he executed, and has made 14 abortive legal maneuvers to have the original decision disturbed. For these reasons, and because of the appellant Dunscombe’s failure to respond to the rule to show cause, it is the opinion of this court that he should pay to the appellees in this cause the penal sum of one thousand ($1,000.00) dollars. Section 59.33, F.S.A. See In re Benedict’s Estate, 117 Fla. 472, 158 So. 276.
By its terms, Section 59.33, F.S. A. applies to the appellants in the cause only. It does not appear to apply to their attorneys. Therefore our jurisdiction over the attorney Denison in this matter stems from Rule 3.17, Florida Appellate Rules, 31 F.S.A., and from the court’s general disciplinary powers over members of the Florida Bar as granted by Article V, Section 23 of the Florida Constitution, F.S.A. It has been noted and favorably considered by this court that Mr. Denison has frankly and candidly admitted in his response to the rule to show cause his inexcusable error in affixing his signature to the pleadings in this cause without being fully aware of their contents. In view of this admission the court considers it adequate, under all the circumstances of this case, to limit its action toward Mr. Denison to a censure of his actions. The signature of a member of the legal profession is not a thing to be lightly loaned for the purpose of convenience or expediency. It need hardly be said that it is inconsistent with the duties and responsibilities of an attorney to affix his signature to pleadings in a cause without being fully aware of their contents. This is true even though the request be made by a fellow attorney. In this regard we also note our judicial disapproval of the act of Mr. Dunscombe in requesting and expecting the signature of a fellow attorney who has not had the opportunity of reading and becoming familiar with the documents to be signed.
Upon consideration of the foregoing factors it is the judgment of this court that the appellee Harold C. Sayle, as administrator of the estate of Walter D. Sayle, deceased, do have and recover of and from the appellant Carroll Dunscombe the sum of one thousand ($1,000.00) dollars, for which let execution issue; further that a copy of this opinion and judgment be entered in the judgment records of Martin County, Florida.
It is so ordered.
ROBERTS, C. J., and THOMAS, HOB-SON, DREW and THORNAL, JJ., concur.