117 So.2d 44 (1960)
General Accident Fire and Life Assurance Corporation, Garnishee, and Zack Smart, Appellants,
v.
Kenny Harris, Appellee.
General Accident Fire and Life Assurance Corporation, Garnishee, and Zack Smart, Appellants,
v.
Ruby Masker, Appellee.
Nos. B-168, B-186.
District Court of Appeal of Florida. First District.
January 5, 1960.
Hull, Landis, Graham & French, Daytona Beach, for appellant.
Wesley A. Fink and Cobb & Cole, Daytona Beach, for appellees.
CARROLL, DONALD, Judge.
These appeals are from summary judgments in garnishment proceedings in favor of appellees against the appellant insurance company. The appellees had secured judgments for damages in two automobile accident cases against the appellant, Zack Smart, who appealed those judgments to this court. On July 9, 1959, we reversed those judgments. See Smart v. Masker, Fla.App., 113 So.2d 414, and Smart v. Harris, Fla.App., 113 So.2d 418.
In the meantime, during the pendency of those appeals to this Court, Smart and the appellant insurance company, a public liability carrier, failed to supersede the judgments and the appellees filed garnishment proceedings in the Circuit Court of Volusia County against the insurance company on the basis of the judgments for damages. That Court entered summary judgments in favor of appellees, which summary judgments are the subject of the present appeals.
*45 We cannot say that the Circuit Judge committed error in entering the summary judgments as of the time he entered them, one of them on March 24, 1959, and the other on April 14, 1959. It was not until July 7, 1959, that we reversed the damages judgments that were the basis for the garnishment proceedings. Therefore, when the garnishment summary judgments were entered in March and April, the damages judgments were not only unsuperseded but unreversed. Until reversed or vacated by a court of competent jurisdiction, the latter judgments were valid and, being unsuperseded, were enforceable by garnishment proceedings or otherwise.
The appellant insurance company contends, however, that it was not liable on the damages judgments because its liability policy covering the insured, Smart, contains this provision:
"No action shall be filed against the company * * * until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."
This appellant's contention is that the final determination of the insured's liability is, under the quoted provision, "stayed by a valid appeal to the appropriate Appellate Court, especially when an appeal is a matter of right."
We cannot agree with this contention, for we believe that the quoted provision clearly contemplates that there may be a final determination of an insured's liability when the trial court enters a judgment against the insured after an actual trial, regardless of whether an appeal is taken or not.
We, therefore, find ourselves in a position on these appeals in which we cannot find that the trial court committed error in entering the summary judgments in garnishment, yet we are convinced that it would amount to a grave miscarriage of justice to allow those judgments to stand under the circumstances. Inasmuch as those judgments are based wholly upon the judgments which this Court has reversed, justice under the law requires that we remand these causes to the trial court with directions forthwith to dismiss these garnishment proceedings. It is so ordered.
WIGGINTON, Chief Judge, and STURGIS, J., concur.