120 So.2d 448 (1960)
TRAVELERS INSURANCE COMPANY, a Corporation, and Doyle Pope, Appellants,
v.
PINKERTON-HAYS LUMBER COMPANY, Inc., a Corporation under the Laws of the State of Florida, Appellee.
No. B-360.
District Court of Appeal of Florida. First District.
May 3, 1960.
Rehearing Denied May 27, 1960.
Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, Horne & Rhodes, Tallahassee, for appellants.
*449 Keen, O'Kelley & Spitz, Tallahassee, for appellee.
WIGGINTON, Chief Judge.
Defendants, insurance carrier and its insured, have appealed from a final judgment based upon a summary judgment rendered in favor of plaintiff in a garnishment proceeding. The appellants have presented three points on appeal for this court's consideration.
It is first contended that the garnishment proceeding was prematurely instituted and that the court erred in entering the final judgment in the case. The facts are that the plaintiff, Pinkerton-Hays Lumber Company, sued Doyle Pope for property damages resulting from Pope's negligence. A judgment in favor of the lumber company for $65,000.00 was rendered on July 2, 1959. On July 8, 1959, the lumber company instituted garnishment proceedings against Pope and his insurance carrier, Travelers Insurance Company, seeking to recover from Travelers the amount of a contractor's general liability insurance policy issued by it to Pope in the sum of $25,000.00. It was not until July 31, 1959, that Pope filed his notice of appeal from the judgment rendered against him in the tort action, which judgment was not superseded. Travelers filed an answer to the garnishment proceeding in which it denied any liability to Pope or to the lumber company under its insurance policy on the sole ground that under the terms thereof its liability would not arise until the judgment against Pope became final after disposition of the appeal. The policy of insurance issued by Travelers to Pope contained a no-action clause as follows:
"Action against the company. No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, or until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."
The trial court granted the lumber company's motion for summary judgment and entered a final judgment against Travelers for the full extent of its liability under its insurance policy, and also awarded interest on the entire amount of the judgment secured by the lumber company against Pope from the date of the entry of the judgment until such time as Travelers shall either pay to the lumber company or deposit in the registry of the court the full amount of its liability in the sum of $25,000.
Appellant insurance company strenuously contends that under the no-action clause contained in its insurance contract with Pope, no liability is imposed upon it unless and until Pope's appeal from the judgment rendered against him in the tort action is finally disposed of by this court in a manner favorable to the lumber company. Appellant contends that its liability insurance policy is a contract of indemnity only between it and Pope, and is in no sense a third party beneficiary contract. It argues that although Pope may be privileged to institute suit against it after Pope's obligation to pay the Pinkerton-Hays judgment has been determined after trial, that no such right inures to the judgment creditor. Appellant urges that the judgment creditor's rights against it in this action are governed exclusively by the law of garnishment, and that since Pope's liability on the judgment will not be finally determined until after disposition of his appeal, it cannot be held as a matter of law that the garnishee Travelers now holds or possesses funds owed by it to Pope which could be the subject of an award to Pinkerton-Hays. Appellant therefore reasons that the institution of the garnishment proceeding against it prior to disposition of the appeal was premature and should have been dismissed by the trial court.
The precise question presented by appellant has heretofore been considered by *450 this court and decided adversely to its contention. In the General Accident Fire and Life Assurance Corporation case[1] an identical no-action clause was construed by this court in a case that was factually similar in all material respects to the case now on review. We there held that the quoted provisions of the no-action clause clearly contemplates that the insured's liability shall be considered to have been finally determined after trial by the entry of the judgment against him, regardless of whether an appeal is subsequently taken. If the insured fails to supersede the judgment pending appeal, the judgment creditor is privileged to proceed against the insurance carrier in garnishment.
We have patiently read and carefully considered the able argument made by appellant in its brief. We are frank to say, however, that we fail to find any material distinctions or other reasons which would modify or change the rule of law enunciated in the General Accident Fire and Life Assurance Corporation case. This rule has since been followed with approval by the Third District Court of Appeal in the Cosmopolitan Mutual Insurance Company case.[2] We therefore cannot agree with appellant that its liability under its insurance policy does not attach until after Pope's unsuperseded appeal from the judgment rendered against him has been finally disposed of by this court. While we recognize that a contrary rule has been adopted in some other jurisdictions, we find that most of the pertinent decisions which take a contrary position were reached because of different statutory provisions prevailing in those states, or because of different language embodied in the contract of insurance. We are convinced, however, that the rule set forth herein applying to the point under consideration is the sounder rule and should be adhered to.
Since the appeal in this case was taken, but after the judgment appealed from was rendered by the trial court, this court has heard and considered the appeal of Pope from the judgment rendered in the tort action in favor of the lumber company. For the reasons set forth in the opinion rendered in that case, the judgment against Pope has been reversed with directions that the cause be dismissed. Since the only basis for the judgment in garnishment rendered in the cause now before us was the judgment in favor of the lumber company against Pope which has now been reversed, it necessarily follows that the judgment in garnishment from which this appeal is taken must likewise be reversed with directions that it be vacated and the proceedings dismissed. This is the action which was followed by this court under identical circumstances in the General Accident Fire and Life Assurance Corporation case, supra, and the action taken herein is upon the authority and for the reasons set forth in the opinion rendered in that case.
The remaining points on appeal question the propriety of the trial court's order granting the summary judgment in favor of plaintiff, and that portion of the final judgment which awarded to the lumber company in this proceeding interest on the entire amount of its judgment against Pope from the date of the judgment until such time as the appellant's liability shall be satisfied by payment. If upon a reversal of the judgment from which this appeal is taken, further proceedings in the case would have to be conducted by the trial court, we would proceed to answer the questions raised by appellant for the future guidance of court and counsel in the final disposition of this dispute. Since, however, the reversal of the judgment carries with it directions that it be set aside and the garnishment proceedings dismissed, it becomes unnecessary for us to extend this opinion by an academic discussion of the remaining questions. In view of our disposition of this case, any rulings made by *451 the court on the remaining questions would be mere obiter dictum by which neither this nor any other court would be bound in future cases involving the same questions, and therefore would be of no assistance to either the bench or bar of this state.
The judgment appealed from is reversed and the cause remanded with directions that it be set aside and the proceedings dismissed.
Reversed.
STURGIS and CARROLL, DONALD K., JJ., concur.
NOTES
[1] General Accident Fire and Life Assurance Corporation v. Harris, Fla.App. 1960, 117 So.2d 44.
[2] Cosmopolitan Mutual Insurance Company v. Wilson, Fla.App. 1960, 118 So.2d 230.