STURGIS, Acting Chief Judge.
We consider a motion to quash this appeal on the ground that it is frivolous or taken only for the purpose of delay. Florida Appellate Rule 3.9(b), 31 F.S.A.
The facts are not in dispute. In a separate action Elizabeth G. Driscoll, a minor, and Stanley J. Driscoll, her father, recovered money judgments against Rena B. Rie-del for damages that were said to result from the negligent operation of an automobile. Under the terms of Riedel’s insurance policy, her defense in the trial court and an appeal to this court were conducted by her insurer, American Southern Insurance Company. The insurer did not, however, cause the judgments to be superseded on the appeal.
While that appeal was pending the judgment creditors brought an action in garnishment to subject the insurance proceeds to payment of the judgments. The defenses interposed therein present the same matters, including the identical policy provisions, that were considered by this court in General Accident Fire and Life Assurance Corporation v. Harris, Fla.App.1960, 117 So.2d 44, and by the Third District Court of Appeal in Cosmopolitan Mutual Insurance Company v. Wilson, Fla.App.1960, 118 So.2d 230, and again by this court in Travelers Insurance Co. v. Pinkerton-Hays Lumber Co., Fla.App.1960, 120 So.2d 448. In reliance thereon the trial court entered summary final judgment for the plaintiffs in garnishment, the appellees herein, and this appeal seeks review thereof.
Upon suing out this appeal appellant insurer and judgment debtor filed herein a motion to stay the proceedings on this appeal pending rendition of our decision in the appeal from the judgments in the tort action or, in the alternative, to set this appeal for argument at the same time as in that action. The motion was denied, but the normal processing of the appeals pending in this court was such that oral arguments on both appeals were in fact held at the same time. That happenstance is not to be construed as indicating any policy to be followed by this court under similar circumstances. The same observation applies to the circumstance that prior to this decision we have in fact rendered an opinion reversing the judgment in the tort action. See the case of Riedel v. Driscoll, Fla.App., 124 So.2d 42.
The within cited cáses control and the entry of summary judgment against the garnishee and its insured was eminently correct. An appeal from a judgment in'garnishment will not be permitted to serve as a substitute for supersedeas under the statute. There is no legal basis or sound reason why an insurer whose liability to the insured has become fixed should stand in a more favored position than any other type of garnishee.
In General Accident Fire and Life Assurance Corporation v. Harris, supra, we took cognizance of our action reversing the judgment for the payment of which the garnishment proceedings were instituted, and on that basis directed that the garnishment proceedings be dismissed. It was not intended by that result to afford the insurer-garnishee the advantage of tactics which, intentional or not, might have the effect of delaying enforcement of the judgment in the tort action until such time as the appeal from that judgment might be disposed of.
Recognizing that by having in several instances failed to act upon the motion to quash the appeal in the garnishment proceedings until after final action on the appeal in the tort action we have unwittingly produced what bids fair to become an erroneous type of procedure, and being conscious of a duty to correct it,' we now announce that our following disposition of the judgment in garnishment involved on this appeal, and those which may be involved *107 under similar circumstances on appeals now pending, are the final ones in which we will set aside a judgment in garnishment properly entered, as was the case in this instance; in brief, that where the motion to quash is meritorious it will be our policy to forthwith dispose of it according to law. This is not to say that we will fail to apply the equitable principles of the within cited General Accident Fire and Life Assurance Corporation case in those instances where, in the regular order of handling the business of this court, a similar situation develops.
In accordance with the above, we reluctantly remand this cause to the trial court with directions to dismiss the garnishment proceedings.
CARROLL, DONALD, J., and MASON, ERNEST E., Associate Judge, concur.