171 So.2d 65 (1965)
David Brian CONLEY et al., Appellants,
v.
Getchrill SINGLETON, Appellee.
No. G-61.
District Court of Appeal of Florida. First District.
January 26, 1965.
*66 Hull, Landis, Graham & French, Daytona Beach, for appellants.
Wesley A. Fink, Daytona Beach, for appellee.
WIGGINTON, Judge.
This appeal is from a summary final judgment rendered in favor of appellee and against State Farm Mutual Automobile Insurance Company as garnishee. The cause is presently before the Court on appellee's motion to quash the appeal on the ground that it is frivolous and without merit.
Appellee brought suit in the Circuit Court of Volusia County against David Brian Conley and Evelyn T. Conley seeking damages for personal injuries arising out of a motor vehicle collision. Appellee recovered judgment against the Conleys in the sum of $27,500.00 from which the defendants appealed without supersedeas as permitted by law and rules of the Court. That appeal is presently pending in this Court awaiting final disposition.
After rendition of the final judgment above mentioned, appellee brought garnishment proceedings against appellant State Farm Mutual Automobile Insurance Company seeking to recover the full amount of the automobile liability insurance policy issued by the garnishee to the Conleys, which policy was in effect at the time of the automobile collision which gave rise to the damages for which judgment had been procured. State Farm Mutual answered the writ of garnishment denying that it was indebted to the Conleys and alleging that its liability under the insurance policy issued by it was only contingent and will not become absolute until after the Conley judgment is affirmed or the appeal dismissed. The answer further alleges that the Conleys question the validity of the judgment rendered against them and desire to have it reviewed by this Court. It is further alleged that the Conleys have no assets subject to execution nor do they have available the means of procuring a supersedeas bond which could be filed in connection with their appeal. State Farm sought a stay of the garnishment proceedings or, in the alternative, a stay of execution on any final judgment which may be entered therein during the pendency of the Conley appeal. The garnishee offered to deposit in the registry of the Court the full amount of its insurance coverage in the sum of $10,000.00, plus an amount sufficient to pay the interest on the entire judgment during the pendency of the Conley appeal.
State Farm sought to take appellee's deposition for the purpose of discovering whether appellee knew that the judgment rendered in his favor had been appealed, and whether his financial ability was sufficient to repay any amounts paid him under the writ of garnishment if the final judgment in the personal injury action should be reversed on appeal. The trial court granted appellee a protective order and quashed the *67 notice of taking his deposition. Appellants' motion for a stay order was denied, and summary final judgment was thereupon entered in appellee's favor from which this appeal has been taken.
Appellants first contend that the Conleys' appeal from the final judgment entered in the tort action, even though not superseded, should operate to stay the garnishment proceedings brought against the insurance carrier until such time as their appeal has been finally disposed of by this Court. They base this contention entirely on their conception of logic and reason.
The insurance policy issued to the Conleys by appellant State Farm provides, inter alia, that: "No action shall lie against the company until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company." This exact language was first construed by this Court in the case of General Accident Fire and Life Assurance Corporation, Garnishee, v. Harris.[1] In disposing of a similar contention contrary to the position taken by appellant in this case, we said:
"* * * This appellant's contention is that the final determination of the insured's liability is, under the quoted provision, `stayed by a valid appeal to the appropriate Appellate Court, especially when an appeal is a matter of right.'
"We cannot agree with this contention, for we believe that the quoted provision clearly contemplates that there may be a final determination of an insured's liability when the trial court enters a judgment against the insured after an actual trial, regardless of whether an appeal is taken or not."
The same conclusion was reached by the Third District Court of Appeal in the Cosmopolitan Mutual Insurance Company case,[2] and by this Court in the subsequent decisions rendered by it in the American Southern Insurance Company and Travelers Insurance Company cases.[3]
Appellant insurance company advances the novel argument that unless execution on the judgment rendered in the garnishment proceedings against it is stayed, it will be required to pay that judgment before the Conleys' appeal has been finally decided by this Court and if this is done, the insurance company will no longer have any interest in further prosecuting the Conley appeal. It is argued that if this condition develops it will work an extreme hardship on the Conleys because they are financially unable either to employ other counsel to complete the presentation of their appeal or to pay the judgment in the event it is affirmed. We will not express any view with regard to the right of an insurance carrier to abandon an appeal it has taken on behalf of its insured after it has assumed the defense of the action under the terms of its policy. We deem it sufficient to say that the hardship argument advanced by appellant insurance company is without merit.
Appellant insurance company further argues that if it is required as garnishee to pay the full amount of its insurance coverage to appellee before the latter's judgment has been affirmed on appeal, there is no assurance that appellee will be willing or able to refund to appellant the *68 amount paid him in the event the tort judgment is reversed. These are the matters which the insurance company sought to explore in its attempt to take appellee's deposition, which attempt was prevented by the trial court. Although the events which have transpired in connection with this transaction have placed appellant insurance company in an awkward position insofar as concerns its ability to recoup any amount it pays pursuant to the garnishment judgment in the event the tort judgment is reversed, it must be noted that such situation is one of appellant's own making and of which it will not now be heard to complain. In the American Southern Insurance Company case, supra, we approved a summary final judgment entered against an insurance company in a garnishment proceeding under facts identical in all material respects with the facts in this case. It was necessary, however, that we set aside the judgment rendered in the garnishment proceedings in that case because we had already considered and reversed the judgment rendered in the tort action out of which the garnishment proceedings arose. In doing so this Court served notice as to its future intentions in matters of this kind when it said:
"Recognizing that by having in several instances failed to act upon the motion to quash the appeal in the garnishment proceedings until after final action on the appeal in the tort action we have unwittingly produced what bids fair to become an erroneous type of procedure, and being conscious of a duty to correct it, we now announce that our following disposition of the judgment in garnishment involved on this appeal, and those which may be involved under similar circumstances on appeals now pending, are the final ones in which we will set aside a judgment in garnishment properly entered, as was the case in this instance; in brief, that where the motion to quash is meritorious it will be our policy to forthwith dispose of it according to law. * * *"[4]
Thus it is that since 1960 the insurance industry has been on notice that under the standard form of automobile liability insurance policies issued in Florida, its liability to the insured accrues upon the entry of a judgment against the insured after trial, and it is then that the insurance company becomes liable either to the insured or to the plaintiff judgment creditor in the event a garnishment proceeding is brought against it. This has been the rule of law in this jurisdiction since January of 1960. Despite the rulings of this and other courts in the State of Florida on the principle of law here announced, the insurance companies have apparently failed to take any steps toward revising the provision of their automobile liability insurance policies respecting the time when their liability to the insured accrues. If the insurance companies in good faith desire to avoid the consequences of the rule of law to which we adhere, they may do so by revising the terms of their insurance policies by providing that liability thereunder will not accrue until after judgment rendered against the insured has been affirmed on appeal.
For the reasons hereinabove stated it is our view that this appeal is frivolous and without merit. The motion to quash the appeal is granted and the appeal dismissed.
No motion has been made by appellee for invocation of the penalties provided by Rule 3.17 of Florida Appellate Rules, 31 F.S.A.,[5] and we are not inclined to invoke the provisions of that rule sua sponte. This is not to say, however, that if future appeals of this character are quashed for the reasons herein stated, this Court will not hesitate either on motion of appellee, or of its own motion, to impose the *69 full consequences of the rule relating to penalties on those who bring such appeals to this Court.[6]
CARROLL, DONALD K., Acting C.J., and RAWLS, J., concur.
NOTES
[1] General Accident Fire and Life Assurance Corporation et al. v. Harris; General Accident Fire and Life Assurance Corporation et al. v. Masker, (Fla.App. 1960) 117 So.2d 44, 45.
[2] Cosmopolitan Mutual Insurance Company v. Wilson, (Fla.App. 1960) 118 So.2d 230.
[3] American Southern Insurance Company et al. v. Driscoll et al., (Fla.App. 1960) 125 So.2d 105; Travelers Insurance Company et al. v. Pinkerton-Hays Lumber Company, Inc., (Fla.App. 1960) 120 So.2d 448.
[4] Id. 125 So.2d at 106, 107.
[5] "Penalties for violation

"The violation of any of these rules shall subject the offending person to such penalties as the Court may impose."
Rule 3.17, F.A.R.
[6] Dunscombe v. Sayle, (Fla. 1961) 135 So.2d 224.