RAWLS, Judge.
Garnishee State Farm Mutual Automobile Insurance Company has appealed from a judgment pursuant to a writ of garnishment. Appellees Broox J. Jones and her husband, J. Fred Jones, move to quash this appeal on the grounds that it is frivolous and taken only for the purpose of delay.
On February 28, 1964 Appellees were awarded a final judgment against one Homer Howard Lee as a result of an automobile collision between the parties. In the meantime Lee’s insurer, State Farm, had filed a suit in the United States District Court, Middle District of Florida, seeking to rescind Lee’s automobile liability policy, and on March 17, 1964 the District Court entered its final judgment declaring that State Farm’s purported rescission was void and ineffective. State Farm appealed, and that appeal is now pending before the United States Court of Appeal.
On June 25, 1964, Affidavit in Garnishment After Judgment was filed by the Joneses in the tort action alleging that the judgment was due and unpaid and that Lee’s insurer, State Farm, as garnishee, was obligated to pay to them the amounts provided in the policy.
Garnishee in its answer admitted:
1. That it issued a policy of insurance to Homer Howard Lee with limits of $10,000 for all damages arising out of bodily injury sustained by one person in any one accident, $20,000 for two or more persons in any one occurrence, and $5,000 for all damages to property of one or more persons, or organizations in any one occurrence;
2. That Lee, while driving the automobile described in its said policy, collided with an automobile being driven by Plaintiff Broox J. Jones on February 22, 1963 in Columbia County, Florida;
3. That Lee, prior to the issuance of the aforesaid policy, knowingly made the false and fraudulent representations to the effect that he (Lee) had no physical defects when in truth and fact he suffered a physical defect, namely, epilepsy, from which physical defect he had suffered since birth, and that Garnishee relied upon Lee’s misrepresentation;
4. That following the accident Garnishee undertook an investigation of the same and on or about November 7, 1963 learned for the first time of Lee’s physical defect;
5. That it would not have issued the policy had it known the true facts;
6. That it elected to rescind the said policy; and
7. That by reason of the false and fraudulent representations on the part of Lee, the policy is void and of no effect and State Farm is not liable on same.
Appellees traversed the garnishee’s answer and filed their motion for summary judgment. The motion was granted and State Farm appealed from the adverse summary final judgment entered in the garnishment proceeding.
Thus, it appears from the record in its present state that Appellant State Farm Mutual Automobile Insurance Company elected to pursue the question of validity of the policy and its claim of voidness in the federal jurisdiction. Then by its answer filed in the instant garnishment proceeding, appellant seemingly attempted to litigate the identical issue in the state jurisdiction. Now State Farm is trying the dilatory tactic of attempting to make this appeal from the summary judgment in the garnishment proceeding substitute as a supersedeas of the initial judgment. This Court clearly stated in American Southern Insurance Company v. Driscoll[1] that it *901 would not condone such procedure and reiterated this position in American Fire and Casualty Co. v. Williams.[2]
The insurance company insists that the trial judge erred in applying the doctrine of res judicata and in refusing to stay further proceedings in the garnishment cause pending disposition of its appeal of the federal judgment which found it liable on its policy issued to Lee. We can find no rational basis for sustaining such a proposition. Stating, as simply as possible, the proceedings as they are now presented to us, we are concerned with:
1. A final judgment duly and regularly entered by the Circuit Court of Columbia County, Florida, upon which no judicial attack is now outstanding.
2. A final summary judgment in a garnishment proceeding in which Appellant State Farm Mutual Automobile Insurance Company admits that it issued its insurance policy of liability covering the acts of its insured Homer Howard Lee, the defendant in the proceeding upon which the aforesaid judgment was rendered, and
3. A final judgment rendered by the Federal Court which denied State Farm’s claim that the policy is null and void by reason of certain alleged false representations on the part of the insured.
It is our conclusion that this garnishment proceeding was not a proper place for State Farm to attempt to once again litigate the identical things that it elected to present to the Middle District Court of Florida. Litigation should and must be terminated at some time certain, and to permit the delay occasioned by State Farm by its dilatory tactics in attempting to litigate now in the state courts, then in the federal courts, reminds one of the old shell game of “under which shell is now located the pea.” This court will not condone such tactics and we cannot permit an appeal such as the instant one, which is clearly without merit of any kind upon its face, to further delay the proceedings had in this cause.
Appellees have filed their motion for invocation of the penalties provided by Rule 3.17 of Florida Appellate Rules, 31 F.S.A. This court recently quashed an appeal in a similar case involving State Farm Mutual Automobile Insurance Company and therein we stated: [3]
“No motion has been made by appellee for invocation of the penalties provided by Rule 3.17 of Florida Appellate Rules, 31 F.S.A., and we are not inclined to invoke the provisions of that rule sua sponte. This is not to say, however, that if future appeals of this character are quashed for the reasons herein stated, this Court will not hesitate either on motion of appellee, or of its own motion, to impose the full consequences of the rule relating to penalties on those who bring such appeals to this Court.”
Although our first impression was to grant Appellees’ motion and assess a penalty against Appellant State Farm as authorized by § 59.33, Florida Statutes, F.S.A., and said rule, in view of the recency of the warning, we are denying the motion. However, we reiterate the foregoing statement and will be inclined to activate the penalty provisions of said statute and rule in the event Appellant persists in further dilatory tactics.
The motion to quash is granted and this appeal is dismissed.
STURGIS, C. J., and WIGGINTON, J., concur.

. American Southern Insurance Company v. Driscoll, 125 So.2d 105, (Fla.App.1st 1960).

. American Fire and Casualty Co. v. Williams, 125 So.2d 107, (Fla.App.1st, 1960).

. Conley v. Singleton, Fla.App.1st, 1965, 171 So.2d 65, filed January 25, 1965.