SHANNON, Judge.
The plaintiff obtained a judgment against the defendant who appealed without superseding the judgment. While the appeal was pending the plaintiff filed a writ of garnishment against the defendant’s insurer. The insurer filed an answer admitting liability to the defendant by virtue of an insurance policy, and also moved to quash the writ of garnishment on the grounds that it was premature because the appeal of the original judgment was still pending. The lower court granted a summary judgment in favor *172 of the plaintiff in the garnishment proceedings and the insurer has appealed the garnishment judgment. Thus, at this time there are two appeals pending, one from the original judgment and one from the garnishment proceedings. The plaintiff-appellee has now moved to quash the appeal from the garnishment proceedings on the ground that it is frivolous and taken only for purposes of delay.
It is well settled in Florida that a plaintiff who has obtained a judgment against a defendant may proceed in garnishment against the defendant’s insurer immediately upon the entry of a final judgment by the trial court, regardless of whether an appeal is taken, where the judgment is not superseded. This doctrine is a construction of the standard type of no-action clause found in most policies, including the cases cited below, which provides:
“No action shall be filed against the company * * * until the amount of the insured’s obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.”
See General Accident Fire & Life Assurance Corp. v. Harris, Fla.App.1960, 117 So.2d 44; Cosmopolitan Mutual Insurance Company v. Wilson, Fla.App.1960, 118 So.2d 230; and Travelers Insurance Co. v. Pinkerton-Hays Lumber Co., Fla.App.1960, 120 So.2d 448.
In Conley v. Singleton, Fla.App.1965, 171 So.2d 65, the first district granted a motion to quash and dismissed the appeal in a case which is on all fours with the case on review.
The garnishee-insurer contends, in opposing the motion to quash, that although no supersedeas bond was filed in the original action, there has been a supersedeas bond filed in the garnishment proceedings. Whether the garnishment has been superseded is irrelevant, the question being whether the appeal from the garnishment is frivolous. The law, as stated above, is that the insurer becomes liable when judgment is entered in the lower court, regardless of whether an appeal is taken, if the judgment is not superseded. In its answer to the writ of garnishment the insurer admits the liability under the policy and its only opposing argument is that the appeal in the original case has not been decided. It is not contended that the policy is invalid or that the particular situation is not covered by the policy. Since the insurer’s only opposing argument is without merit, and since it admits liability on the policy, the motion to quash is well-founded. The motion to quash is granted and the appeal is hereby dismissed.
SMITH, C. J., and WHITE, J., concur.