175 So.2d 83 (1965)
GRAIN DEALERS MUTUAL INSURANCE COMPANY, a corporation, Appellant,
v.
Robert D. QUARRIER, Jr., Appellee.
No. G-164.
District Court of Appeal of Florida. First District.
April 29, 1965.
Rehearing Denied June 3, 1965.
*84 James E. Hertz, of Fisher & Hepner, Pensacola, for appellant.
Coe & Coe, Pensacola, for appellee.
STURGIS, Chief Judge.
The appellant-garnishee, Grain Dealers Mutual Insurance Company, seeks reversal of a summary judgment entered against it in proceedings ancillary to a negligence action brought by Robert D. Quarrier, Jr., against Andrew Busbee, Jr., appellant's insured, which resulted in a $25,254.85 judgment for Quarrier that was appealed to this court and affirmed February 11, 1965. See Busbee v. Quarrier, 172 So.2d 17 (Fla. App. 1965). The style of the instant cause, as it appears in the judgment appealed and other pertinent pleadings, including appellant's answer to the writ of garnishment issued in said cause, shows the parties as "Robert D. Quarrier, Jr., plaintiff, vs. Andrew Busbee, Jr., defendant, and Grain Dealers Mutual Insurance Company, a corporation, garnishee." We have no difficulty, therefore, in taking judicial notice that the proceeding in garnishment is related to and derived from the negligence action.
We presently consider appellee's motion to quash this appeal on the ground that it is frivolous and taken only for the purpose of delay, and to invoke against appellant a penalty for rule violation pursuant to Florida Appellate Rule 3.17, 31 F.S.A. The record and briefs on the appeal proper have not been filed, but certified copies of pertinent pleadings in the lower court are available and sufficient to enable the motion to be disposed of.
Appellant's answer to the writ of garnishment herein admitted that it insured Andrew Busbee, Jr., the defendant in the negligence action, against liability or bodily injury and property damage in the amount of $10,000.00 per individual, $20,000.00 for any total number of individuals, and $5,000.00 property damage. We pause here to note that the judgment appealed recites that appellant produced the policy of insurance issued to Busbee; that appellant thereby bound itself to pay, in addition to the applicable limit of liability ($10,000.00), all costs taxed against Busbee in the negligence action and all interest on the entire amount of the judgment rendered therein accruing after entry of the judgment and before the appellant had paid or tendered or deposited in court that part of the judgment which does not exceed the limit of its liability thereon.
Following said admission, appellant's answer reads as follows:
"2. That Andrew Busbee, Jr., upon statement stated to it that the automobile insured at the time of the happening of the events in this law suit was being operated by someone other than himself or by someone without his knowledge and consent, or was not being operated or involved in the accident giving rise to this suit. That in compliance with said statement made to it, the agreement was entered into by and between Grain Dealers Mutual Insurance Company and Andrew Busbee, Jr., whereby a Non Waiver Agreement was entered into on the question of whether Andrew Busbee, Jr. was in fact insured by Grain Dealers Mutual Insurance Company as a result of the happening of the events which give rise to this law suit.

*85 "3. That Grain Dealers Mutual Insurance Company therefore denies that it has in its possession any sums of money, goods, chattels, rights or credits of the Defendant in its hands and is not indebted to the Defendant Andrew Busbee, Jr."
The judgment appealed provided that the plaintiff-appellee recover from the garnishee-appellant $10,000.00 plus $254.85 costs taxed in the negligence action, and $559.82 for interest accruing on the entire amount of the judgment in the negligence action ($25,000.00 principal and $254.85 costs) to the date of the entry of said judgment, October 29, 1964, and thereafter interest at the rate of 6% per annum on said full amount of the judgment so long as it failed to perform the stated obligation of the insurance contract. Upon application of the garnishee, the judgment appealed also fixed the supersedeas bond to be given on this appeal at $12,500.00. On the basis of Section 627.0127, Florida Statutes, F.S.A., it denied a prayer of the appellee to award an amount to be paid by appellant for the services of appellee's attorney in said garnishment proceeding.
Appellant's first assignment of error herein challenges the refusal of the trial court to discharge the writ of garnishment pursuant to rule 2.12, Florida Rules of Civil Procedure, 31 F.S.A., on the ground that the plaintiff and judgment creditor of the defendant Andrew Busbee, Jr., did not in accordance with such rule traverse the answer of the garnishee within the time allowed under such rule. A traverse is required under the rule only when the plaintiff in garnishment is not satisfied with the answer of the garnishee. Appellee asserts he was satisfied with appellant's answer because it admitted all essential facts and merely drew an erroneous conclusion of law therefrom that such facts exonerated the garnishee from responsibility. Appellee insists that under such circumstances it was not incumbent upon him to traverse or demur to the answer on pain of dismissal; and that he followed the proper procedure by moving for judgment on the pleadings, which motion was granted. Appellee's contentions are well founded. Appellant's answer admitted every fact essential to appellee's cause of action, and the court, not being bound by the erroneous conclusion of law stated in the answer, did not err in entering judgment for appellee on the pleadings. The conclusion we have reached is apparent upon a bare inspection of the record presently before this court.
Appellant's second assignment of error is based on the proposition that the trial court erred in allowing interest on the total amount of principal and costs recovered by appellee against Busbee in the negligence action. The judgment appealed correctly interprets the clear language of the standard automobile liability policy filed in said cause by appellant. This form of policy has long been in use in Florida and the pertinent provisions have been amply construed. See Highway Casualty Company v. Johnston, 104 So.2d 734 (Fla. 1958); Allstate Insurance Company v. Warren, 125 So.2d 886 (Fla.App. 1961); cases cited in Note 6 to Section 197, 7 Am.Jur.2d, Automobile Insurance. The rule enunciated by the Florida cases is paraphrased in said Section 197 as follows:
"Moreover, standard automobile liability policies now generally provide that the insurer is liable to pay, in addition to the applicable limits of liability, all costs taxed against the insured in any suit within the coverage of the policy and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon; and under such a provision it is clear that the insurer is liable for interest, until such time, on the amount of a judgment obtained against the insured even though it exceeds the policy limit."
*86 While the record on appeal does not specifically disclose that the appellant-garnishee furnished counsel for and defended the main action in the court below, on oral argument it was asserted to be the fact and was not refuted. Moreover, counsel who conducted the trial on behalf of defendant Busbee in the negligence action and appeared for Busbee on the appeal from the judgment therein, and who now appears on behalf of the appellant-garnishee, are one and the same. Under the circumstances it would be hypertechnical to suggest that the appellant-insurer did not in fact defend the main action on behalf of its insured, Busbee. The question occurs, therefore, whether such insurer is entitled to relitigate in a garnishment proceeding an issue decided against its insured in the main case and on which the insurer's policy obligation depends, simply because it procured a "Non Waiver Agreement" from its insured before engaging upon such defense in the main case. We answer in the negative and find on casual inspection that appellant's second assignment of error is totally without merit.
We recognize that certain issues between insurer and insured, e.g., fraud in the procurement of the policy or breach of an essential condition, are not litigable in the main case against the insured in a negligence action, and that an insurer possessed of such defense might defend on behalf of the insured under the protection of a non-waiver agreement; and that such issues would survive inter partes an adverse judgment in the main suit. But such is not so with respect to the question of negligence vel non, identity vel non, or other like matters which must necessarily be determined before judgment can be had in the main action. See Westinghouse Electric Corp. v. J.C. Penney Co., 166 So.2d 211 (Fla. App. 1964); Wright v. Fidelity and Casualty Co. of New York, 139 So.2d 913 (Fla. App. 1962); Columbia Casualty Co. v. Hare, 116 Fla. 29, 156 So. 370 (1934). The general rule, restated in the Westinghouse case, is that where an indemnitor has notice of a suit against his indemnitee and is afforded an opportunity to appear and defend, a judgment therein rendered against the indemnitee, if without fraud or collusion, is conclusive against the indemnitor as to all material questions therein determined.
Having concluded that this appeal is frivolous in character, the motion to quash is granted and the appeal is dismissed with prejudice.
We turn now to appellee's motion to invoke a penalty against appellant under Florida Appellate Rule 3.17. We are reluctantly persuaded that the facts warrant and the hour is ripe to take such action.
In American Southern Insurance Co. v. Driscoll, 125 So.2d 105, 92 A.L.R.2d 1387 (Fla.App. 1960), the judgment creditors brought an action in garnishment to subject insurance proceeds to payment, and the garnishee's defenses presented substantially the same matters involving policy provisions that were considered and disposed of adversely to garnishee's position in several prior cases that were cited in the Driscoll case and on which the trial court relied in Driscoll in entering summary judgment for the plaintiff in garnishment. Prior to the appeal in the Driscoll garnishment proceeding, this court, on a separate appeal from the final judgment in the tort action precipitating the garnishment, had reversed the judgment in the main action. Riedel v. Driscoll, 124 So.2d 42 (Fla.App. 1960). That circumstance impelled this court to remand the proceeding in garnishment to the trial court with directions to dismiss same. We took occasion at that time, however, to point out that there is no legal basis or sound reason why an insurer whose liability to the insured has become fixed should stand in a more favored position than any other type of garnishee, and said:
"Recognizing that by having in several instances failed to act upon the motion to quash the appeal in the garnishment proceedings until after final action *87 on the appeal in the tort action we have unwittingly produced what bids fair to become an erroneous type of procedure, and being conscious of a duty to correct it, we now announce that our following disposition of the judgment in garnishment involved on this appeal, and those which may be involved under similar circumstances on appeals now pending, are the final ones in which we will set aside a judgment in garnishment properly entered, as was the case in this instance; in brief, that where the motion to quash is meritorious it will be our policy to forthwith dispose of it according to law. This is not to say that we will fail to apply the equitable principles of the within cited General Accident Fire and Life Assurance Corporation case [General Accident Fire and Life Assurance Corporation v. Harris, Fla.App. 1960, 117 So.2d 44] in those instances where, in the regular order of handling the business of this court, a similar situation develops."
On the same day that we filed our opinion in the Driscoll case, we granted a motion to quash the Appeal in American Fire and Casualty Company v. Williams, 125 So.2d 107 (Fla.App. 1960), on the ground that it was frivolous, but under circumstances where the judgment in the main action had been affirmed, rather than reversed as in Driscoll; and we reiterated our intention on future appeals from judgments in garnishment proceedings to promptly dispose of motions to quash appeals on the merits of the motion and not to defer action pending disposition of a separate appeal involving the propriety of the judgment in consequence of which the garnishment was sued out.
More recently, on January 26, 1965, this court in Conley v. Singleton, 171 So.2d 65, speaking through Wigginton, J., took note of the quoted admonition in the Driscoll case and said:
"Thus it is that since 1960 the insurance industry has been on notice that under the standard form of automobile liability insurance policies issued in Florida, its liability to the insured accrues upon the entry of a judgment against the insured after trial, and it is then that the insurance company becomes liable either to the insured or to the plaintiff judgment creditor in the event a garnishment proceeding is brought against it. This has been the rule of law in this jurisdiction since January of 1960. Despite the rulings of this and other courts in the State of Florida on the principle of law here announced, the insurance companies have apparently failed to take any steps toward revising the provision of their automobile liability insurance policies respecting the time when their liability to the insured accrues. If the insurance companies in good faith desire to avoid the consequences of the rule of law to which we adhere, they may do so by revising the terms of their insurance policies by providing that liability thereunder will not accrue until after judgment rendered against the insured has been affirmed on appeal."
In Conley we noted that the appellee had not asked the court to invoke the penalty provided by rule 3.17, Florida Appellate Rules, and so did not sua sponte invoke the same; but we said:
"This is not to say, however, that if future appeals of this character are quashed for the reasons herein stated, this Court will not hesitate either on motion of appellee, or of its own motion, to impose the full consequences of the rule relating to penalties on those who bring such appeals to this Court."
Again, in State Farm Mutual Automobile Insurance Co. v. Lee, 171 So.2d 899 (Fla.App. 1965), opinion filed February 23, 1965, we granted motion of appellees to quash the appeal on the ground that it was frivolous and taken only for the purpose *88 of delay. In that case we again declined, out of an abundance of caution, to assess a penalty against the appellant under Florida Appellate Rule 3.17 and as further authorized by section 59.33, Florida Statutes, F.S.A., which provides:
"59.33 Quashing appeals; power of appellate court.  Appellate courts shall have power to quash appeals in all cases in which appeals do not lie, or where they are taken against good faith or merely for delay, and may decree in such case damages against the appellant not exceeding ten per cent."
However, in Lee we reiterated the quoted statement from the Conley case and announced that we would be inclined to activate the penalty provision of the statute and rule in the event appellant persisted in further dilatory tactics. Although that observation was specifically directed toward the appellant in that case, it was no less informatory to all appellants who might in the future engage in such violations.
Having concluded that the instant appeal was not taken in good faith but merely for the purpose of delay, and having granted the motion to quash the appeal, and having determined that the penalty provisions of said rule and statute should be invoked, it is
Ordered and adjudged that the appellee, Robert D. Quarrier, Jr., do have and recover from the appellant-garnishee, Grain Dealers Mutual Insurance Company, a corporation, in addition to all sums ordered and adjudged to be paid pursuant to the judgment of October 29, 1964, here appealed, the sum of $500.00, together with interest from the date of this order at the rate of 6% per annum, as a penalty under Florida Appellate Rule 3.17 and as authorized by section 59.33, Florida Statutes, F.S.A.
It is so ordered.
CARROLL, DONALD K., and RAWLS, JJ., concur.