332 So.2d 663 (1976)
FLORIDA STEEL CORPORATION, Appellant,
v.
A.G. SPANOS ENTERPRISES, INC., et al., Appellees.
No. 75-1113.
District Court of Appeal of Florida, Second District.
June 2, 1976.
Jary C. Nixon of Nixon & Farnell, Tampa, for appellant.
R. Timothy Peters of Goza, Hall & Peacock, P.A., Clearwater, for appellee A.G. Spanos Enterprises, Inc.
GRIMES, Judge.
This case involves the question of whether a superseded judgment is subject to garnishment pending appeal.
Florida Steel Corporation was the materialman on a housing project being built by American Construction Company of Florida and American Structures, Inc. for A.G. Spanos Enterprises, Inc. Florida Steel brought suit against the contractors for monies owing for the delivery of materials. *664 Spanos, the project owner, was joined as a defendant for the purpose of obtaining a mechanic's lien. Judgment was entered against the contractors for the amount owing Florida Steel. Florida Steel obtained a mechanic's lien against Spanos in a lesser amount because it was unable to prove that all of its materials were incorporated into the Spanos project. Spanos satisfied the judgment against it, thereby reducing the amount of the judgment against the contractors, but the balance owed by the contractors remained unsatisfied.
In a separate suit, the contractors had filed an action for the balance of the construction contract price allegedly owed them by Spanos. Spanos defended on the grounds that the contractors were guilty of poor workmanship and had finally abandoned the project. The contractors prevailed and judgment was rendered in their favor for an amount in excess of the unsatisfied amount of the Florida Steel judgment against the contractors. Florida Steel then obtained a writ of garnishment directed to Spanos as garnishee. Spanos filed an answer to the writ denying that it was indebted to the contractors at that time because Spanos was appealing the judgment entered against it in favor of the contractors. Following a traverse by Florida Steel, the court dissolved the writ of garnishment on the basis that judgment was not a debt subject to garnishment because it had been superseded pending the appeal. Florida Steel appeals this order.
Garnishment procedures in Florida are governed by Florida Statutes, Chapter 77. Fla. Stat. § 77.01 (1975) states, in part:
"Every person who has sued to recover a debt or has recovered judgment in any court against any person, natural or corporate, has a right to a writ of garnishment, in the manner hereinafter provided, to subject any debt due to defendant by a third person, and any tangible or intangible personal property of defendant in the possession or control of a third person... ." (Emphasis added.)
The final judgment against Spanos was clearly a debt within the meaning of the statutory language of Fla. Stat. § 77.01. Long ago, our Supreme Court recognized that a judgment may be garnished. Jax Ice and Cold Storage Company v. South Florida Farms Company, 91 Fla. 593, 109 So. 212 (1926).
A closer question is whether a final judgment is subject to garnishment when an appeal is pending. There is little doubt that a judgment based upon a liquidated claim can be garnished because a liquidated claim is subject to garnishment even though it has not been previously reduced to judgment. Alabama Hotel Co. v. J.L. Mott Iron Works, 1924, 86 Fla. 608, 98 So. 825. Moreover, a judgment obtained on an unliquidated claim can be garnished once it has become final and no longer subject to appeal. However, most of the cases which have considered this subject hold that a judgment upon an unliquidated claim cannot be garnished pending an appeal. 6 Am.Jur.2d, Attachment and Garnishment, Sec. 136; 121 A.L.R. 420; 85 L.Ed. 755; Pacific Gas & Electric Co. v. Nakano, 1939, 12 Cal.2d 711, 87 P.2d 700. Almost all of these cases are judgments upon tort claims, but it appears that the principle of these cases would be equally applicable to a judgment upon an unliquidated contract claim such as that against Spanos in the instant case.
On the other hand, there are several Florida cases involving garnishments against liability insurance carriers which suggest that our state has accepted the minority view. Grange Mutual Casualty Company v. Stroud, Fla.App.2d, 1965, 173 So.2d 171; Conley v. Singleton, Fla.App.1st, 1965, 171 So.2d 65; American Southern Insurance Co. v. Driscoll, Fla.App.1st, 1960, 125 So.2d 105. In Grange Mutual *665 Casualty Company v. Stroud, supra, this court said:
"It is well settled in Florida that a plaintiff who has obtained a judgment against a defendant may proceed in garnishment against the defendant's insurer immediately upon the entry of a final judgment by the tiral court, regardless of whether an appeal is taken, where the judgment is not superseded... ."
Since it could be argued that garnishment against a liability insurance carrier seeking to collect on a judgment against its insured is more remote than the garnishment on a judgment entered directly against the garnishee, there would appear to be no reason why the rule in Florida should be any different in non-insurance cases.
Thus, we now focus upon the situation where, as in the instant case, the judgment debt sought to be garnished has been superseded pending appeal. The insurance cases cited above clearly imply that there can be no judgment of garnishment and execution against the insurance company while the judgment against the insured is superseded pending appeal. Similar considerations dictate that the same rule should apply to the instant case. It would be patently unfair for a garnishee to be able to supersede the effect of the judgment against him with respect to execution by his creditor and yet be unable to prevent a third party from collecting on the same judgment by way of garnishment.
Therefore, up to this point, we are in total agreement with the action of the court below. However, we believe the court should have granted Florida Steel's request to stay the garnishment proceedings rather than to dissolve the writ. Under these circumstances, should the appeal be successful and the judgment reversed, the writ of garnishment could then be dissolved. If the appeal is affirmed, the plaintiff would be entitled to a judgment of garnishment and should be in a position to stand in the shoes of the defendant to the extent of being able to collect upon the supersedeas bond. In this way, the plaintiff can maintain his priority against subsequent garnishing plaintiffs and will not be required to monitor the outcome of the appeal so as to be able to immediately reinstitute garnishment proceedings upon an affirmance before the money owing under the judgment is paid to the defendant.
Our conclusion is in harmony with the opinion in Pennsylvania Thresh. & F. Mut. Cas. Ins. Co. v. Barrett, Fla.App.3d, 1965, 174 So.2d 417, involving an attempt to collect upon a superseded judgment pending appeal by way of garnishment in which our sister court said:
"... A supersedeas has the effect to suspend all further proceedings in relation to a judgment superseded, but it does not, like a reversal, annul it. The supersedeas, being preventive in nature, does not set aside what the trial court has adjudicated, but stays further proceeding in relation to the judgment until the appellate court acts thereon. Bacon v. Green, 1894, 36 Fla. 313, 18 So. 866. The act of the trial judge in the court below involved a proceeding in relation to the judgment superseded and should have been stayed until the disposition of the appeal had become final... ."
Accordingly, the order dissolving the writ of garnishment is hereby reversed and the case is remanded for further proceedings consistent with this opinion.
HOBSON, Acting C.J., and SCHEB, J., concur.