LETTS, Chief Judge.
Originally, a paint dealer sued a customer for an account stated in the sum of $2,458 for paint supplied. The customer counterclaimed for breach of expressed and implied warranties resulting in actual damages incurred. The paint dealer then filed a third-party complaint against the manufacturer of all of the paint supplied to the customer and all the rest of the paint ever purchased by the dealer from the manufacturer, including paint having nothing to do with the subject of the original complaint. The total of all this paint purchased was over $10,000, all of which sum was awarded to the paint dealer.
On appeal, this court ordered that the $10,000 judgment be reduced to $4,000.[1] As a consequence the manufacturer which had paid $11,000 cash into the registry of the court as a supersedeas during the appeal was, by the decision of this court, only obligated to its paint dealer judgment creditor for $4,000.[2]
During the pendency of the above referred to appeal a third party, not privy to the appeal or the original proceedings at the trial level, obtained a money judgment against the paint dealer which latter money judgment for $2,442 was totally unconnected with the controversy between the paint dealer and the manufacturer. Naturally this third party wanted payment from the paint dealer and in efforts to accomplish that purpose filed a Motion for Writ of Garnishment against the manufacturer seeking garnishment of the $10,000 judgment. The propriety of this attempt to garnish a superseded judgment on appeal is not dispositive for the simple reason that the manufacturer failed to answer the writ of garnishment and a default resulted against the manufacturer for the full $2,442 owed to the third party by the paint dealer.
Thereafter the entire matter remained in limbo pending the outcome of the appeal first above referred to which, when rendered, established the manufacturer’s liability to the paint dealer at a maximum of $4,000. Notwithstanding this outer limit the trial court ordered the clerk, out of the registry of the court, to pay the paint dealer its entire $4,000 and the $2,442 obtained by default. As a result, although the manufacturer’s liability totalled only $4,000, it was required to pay $6,442, a consequence which we deem to be error.
The $2,442 judgment was owed not by the manufacturer, but by the paint dealer to a third party and if the manufacturer paid the third party by order of the court, then the manufacturer was entitled to a credit for that amount against the total moneys owed by it to the paint dealer. We concede that because of the default in the garnishment proceeding, the manufacturer would have been required to pay the $2,442 even if it had won an outright reversal on appeal rather than a reduction of the prior judgment. That obligation, however, cannot be expanded to require the manufacturer to pay the same $2,442 twice over; once to the paint dealer and once more to the paint dealer’s creditor. The total owed to the paint dealer was $4,000. One of its creditors has siphoned off $2,442. Accordingly the balance owed to it by the manufacturer is $1,558 not $4,000.[3]
Another reason supports this result. Before the final judgment of garnishment was entered against the paint manufacturer, the paint dealer assigned $3,000 of its judgment against the manufacturer to the customer who was originally sued by the dealer and counterclaimed. Since the full amount of the paint dealer’s judgment was $10,503, the assignment to the customer constituted *1066 a partial assignment which was duly recorded in the public records.
The partial assignment does not bind Richard’s for it has long been held that “[a]n assignment of a portion of a judgment, according to most authorities, has no effect against the judgment debtor unless made with his consent or ratified by him.” Buckeye Refining Co. v. Kelly, 163 Cal. 8, 124 P. 536, 538 (1912). This rule is further discussed in 49 C.J.S. Judgments § 520 (1947):
While, as between the assignor and the assignee, the assignment of a part of a judgment is valid and binding, even when made without the judgment debtor’s consent, as against the debtor a judgment cannot be partially assigned without the debtor’s consent, such an assignment without the consent of the debtor having no effect against the debtor, unless it is subsequently ratified by him.
See also, 46 Am.Jur.2d Judgments, Section 896 (1969) and Salter v. Walsworth, 167 So. 494 (La.App. 1936).
The underlying and basic reason supporting the prohibition of partial assignments of a debt is likewise applicable to the transfer of portions of a judgment. The judgment debtor should not be obliged and forced to withstand numerous vexatious and expensive garnishment proceedings and judicial sales brought about at various times by several persons under one judgment.
Since the partial assignment was ineffective against the manufacturer, the manufacturer was indebted to the paint dealer at the time of the garnishment proceedings and, thus, at some juncture it would have been appropriate to satisfy the final judgment of garnishment from the monies owed by the manufacturer to the paint dealer. After appeal, the manufacturer was found to be indebted to the paint dealer for $4,000. The final judgment of garnishment was for $2,442.48. Therefore the $2,442.48 should have been deducted from the $4,000 and the balance remitted to the paint dealer.
Although not necessary to this decision, we find it worthwhile to discuss attempts to garnish judgment debts which have been superseded pending appeal. To this end we are much persuaded by an opinion out of the Second District written by Judge Grimes. Florida Steel Corporation v. Spa-nos Enterprises, Inc., 332 So.2d 663 (Fla.2d DCA 1976).
Had the manufacturer filed an answer to the writ saying in effect: “I am not indebted to the paint dealer because I plan to win on appeal and there will be no debt.... ” then we agree with Judge Grimes that in such event the writ should not be dissolved, but stayed upon the request of either the plaintiff or the defendant to the garnishment proceeding. Florida Steel, supra. However, the lack of such a stay in the case now before us, occasioned by the default, has certainly caused no prejudice to the paint dealer, who is in neither better nor worse position by reason of the manufacturer’s inattention to the writ of garnishment to which the paint dealer likewise filed no response.
REVERSED AND REMANDED FOR THE ENTRY OF A JUDGMENT IN ACCORDANCE HEREWITH.
DOWNEY and HURLEY, JJ., concur.

. See Richards Paint Mfg. Co. v. Onyx Paints, Inc., 363 So.2d 596 (Fla.4th DCA 1978).

. All cash totals stated in this opinion are rounded off and simplified for the sole purpose of rendering it intelligible. We are aware for instance that the $4,000 judgment entered by the trial court was in the end result actually $3,562.55 because of interest and costs.

.We here make no determination on how this opinion affects the relative position between the paint dealer and Tri-County Painting, Inc. by reason of a prior assignment of judgment.